In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2165

ROBERTA M. JABUREK,

*Plaintiff-Appellant,*

*v.*

ANTHONY R. FOXX,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 2150 — **Andrea R. Wood**, *Judge.*

ARGUED DECEMBER 8, 2015 — DECIDED JANUARY 13, 2016

Before WOOD, *Chief Judge,* and BAUER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge*. Plaintiff-appellant, Roberta Jaburek, appeals the district court's grant of summary judgment in favor of defendant-appellee, Anthony Foxx, United States Secretary of Transportation. Appellant alleges that her employer, the Federal Aviation Administration, a division of the Department of Transportation, discriminated against her because of her national origin and sex. Specifically, she alleges that the FAA paid her less than other employees who did the

same work that she did but did not share her protected class status, and that the FAA retaliated against her for complaining about such discrimination. She brings three causes of action: failure to promote in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; violation of the Equal Pay Act, 29 U.S.C. § 206(d); and a Title VII retaliation claim. Because Appellant failed to produce the necessary evidence to establish *prima facie* claims for any of her causes of action, the district court granted summary judgment for Foxx on all counts. We affirm.

## I. BACKGROUND

Appellant is a woman of Mexican descent who began working for the FAA at its Des Plaines, Illinois, office in 1987. She began as a secretary, at the pay grade of GS-5. She was promoted to Administrative Support Assistant in 1994, and her pay grade was raised to GS-6. In December 1995, she was briefly promoted to the position of Program Analyst, and her pay grade was raised to GS-7. In April 1996, she was reassigned to her former Administrative Support Assistant position and returned to her GS-6 pay grade.

In 2008, Julia Hale became manager of the FAA's Engineering Support Group and was Appellant's supervisor. Hale was stationed in Fort Worth, Texas, and had an on-site administrative assistant. Not needing a remote administrative assistant, Hale assigned Appellant to support Joseph Neil Johnson, an Engineering Technical Officer ("ETO") in the Des Plaines office. Besides Appellant, Johnson also worked with two Program Analysts, Maria Miller and JoAnne Forys. Miller's

pay grade was GS-12 and Forys's was GS-11, while Appellant's remained at GS-6.

Eventually, Miller changed positions and Forys retired. Appellant performed both of their tasks as Program Analyst for an extended period of time. According to Johnson, Appellant "did a very fine job" at this work. When Johnson retired in January 2010, Appellant sent an email to Hale regarding items that required a signature from an ETO. In the email, Appellant noted that she had signed such items for Johnson in the past. She then asked if she "should continue signing these documents now that [Johnson] is no longer our ETO[.]" Hale replied with approval: "While I know that you are extending yourself to the max in [Johnson's] absence, your offer is great. Please take care of signing with my approval." Neither Appellant's nor Hale's emails referred to Appellant's pay grade or actual compensation.

In May 2010, Hale left her position, and Walter Wilson became acting manager of the Engineering Support Group. On May 13, 2010, Wilson's administrative assistant sent an email to a group of employees asking them to describe their roles and responsibilities. Appellant was part of this group and responded with a detailed description of her role. In her response, she specifically stated, "My role encompasses acting in the capacity of the FAA Program Analyst." She did not describe her pay grade or actual compensation.

On September 12, 2010, Lourdes Lay replaced Wilson as acting manager of the Engineering Support Group and Appellant's supervisor. On September 13, 2010, Appellant sent Lay an email "per [Lay's] request," which included as an attach-

ment the same description of her role that she had sent to Wilson earlier in the year. As before, this description did not include Appellant's pay grade or actual compensation.

On January 17, 2011, Lay sent a letter to Appellant detailing her "assigned duties as a Secretary," not as a Program Analyst. The following day, January 18, 2011, Lay directed another employee to disable Appellant's access to PRISM, a government database used to process procurement requests. Lay noted that it was not Appellant's duty to process such requests; this duty belonged to another individual working at the Des Plaines office.

Three days later, on January 21, 2011, Appellant contacted an agency Equal Employment Opportunity ("EEO") counselor. On May 14, 2011, she filed an EEO complaint with the Department of Transportation. The complaint alleged that Lay's January 17–18, 2011, actions constituted discrimination based on sex and national original as well as retaliation against Appellant. On February 12, 2013, the agency made a final agency decision, finding no discrimination or retaliation.

Notably, Appellant claims that the FAA should have and did not conduct a "desk audit" of her after she sent the descriptions of her duties to Wilson and Lay. (A desk audit is when supervisory authorities assess an employee's duties and pay.) Appellant claims that she requested a desk audit, but, in her words, the agency "didn't get back to me." She further states, "I asked them [for a desk audit]. I kept waiting." However, she has not provided a date of the request, and produced no documentary evidence of the request outside of her own deposition testimony. Hale, Wilson, and Lay filed

affidavits that, to their knowledge, Appellant never requested a desk audit.

On March 20, 2013, Appellant filed the present suit against Foxx. On March 30, 2015, the district court granted summary judgment to Foxx on all three of Appellant's claims. The court noted that summary judgment was appropriate because Appellant had not presented sufficient evidence to establish a *prima facie* case for any claim.

Appellant filed a notice of appeal of the grant of summary judgment on May 30, 2015, sixty-one days after the court entered judgment for Foxx. Because the statutory period for filing an appeal is sixty days after final judgment, we issued an order for Appellant to show good cause for not dismissing Appellant's appeal for want of jurisdiction. We also advised Appellant to move for an extension to file her notice of appeal with the district court. Appellant complied by moving for an extension with the district court on June 6, 2015.

To demonstrate good cause, Appellant's counsel filed an affidavit saying that he had been diagnosed with a severe case of gout approximately one week before the appeal was due. He claimed that he was out of the office and under the influence of pain medication on May 29, 2015, when the appeal was due. Citing Appellant's counsel health issues, the minimal delay, and the lack of apparent prejudice to Foxx, the district court found good cause, and granted Appellant's motion for an extension. Foxx moved to reconsider this decision, arguing that Appellant's true reason for missing the deadline was a miscalculation of the due date for the notice of appeal. However, the district court rejected this argument and denied Foxx's motion.

## II. DISCUSSION

Appellant argues that she performed the duties of a Program Analyst from the time Hale assigned her to work for Johnson in 2008 until Lay reassigned her in January 2011. But she believes that Foxx and the Department of Transportation did not adequately compensate her for the extra work. Instead, her pay grade remained at GS-6. She translates this grievance into three potential avenues of recovery: a Title VII national origin discrimination claim for failure to promote; an EPA sex discrimination claim; and a Title VII claim for retaliatory discharge. However, Appellant has not produced evidence connecting any failure to compensate her adequately to any animus towards her based on her national origin or sex. She has also not produced evidence of retaliation.

### A.  Foxx's Motion to Reconsider Properly Denied

First, the district court did not err in granting Appellant's motion for an extension of time in filing her appeal and in denying Foxx's motion to reconsider the grant of an extension. The standard of review for a motion to reconsider is abuse of discretion, and this court "will not upset the district court's ruling absent a showing that no reasonable person could agree" with its decision. *United Central Bank v. KMWC 845, LLC*, 800 F.3d 307, 309 (7th Cir. 2015) (quotation marks and citation omitted).

Here, we find no reason to disturb the district court's order granting Appellant an extension of time and denying Foxx's motion to reconsider. Appellant filed her motion for an extension within the period allowed by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(a)(1)(B)(iii);

4(a)(5)(A)(i). She also demonstrated sufficient good cause for the delay, owing to her counsel's diagnosis with gout at the time when the appeal was due. *See* Fed. R. App. P. 4(a)(5)(A)(ii); *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015) (party moving for extension of time to file notice of appeal must show "excusable neglect or good cause"). Having deemed the motion timely and having found good cause for Appellant's delay, the district court granted Appellant's motion and denied Foxx's motion. We find no abuse in doing so.

## B. Summary Judgment For Foxx Properly Granted

The merits of the case, by contrast, favor Foxx. Appellant has not produced evidence necessary to sustain any of the three claims against Foxx, and has thus failed to connect her generalized grievance to any race or sex discrimination that triggers a cause of action in federal court. As a result, her case cannot proceed to trial, and the district court was correct in granting summary judgment in favor of Foxx.

We review the grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party—here, Appellant. *Rahn v. Bd. of Trustees of N. Ill. Univ.*, 803 F.3d 285, 287 (7th Cir. 2015) (citation omitted). Summary judgment is appropriate when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Lalowski v. City of Des Plaines*, 789 F.3d 784, 787 (7th Cir. 2015). At this stage, Appellant must have produced evidence that indicates a genuine issue of material fact. *See Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. 2014) (quotation and citation omitted); *see also*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e) in holding that non-moving party must "designate 'specific facts showing that there is a genuine issue for trial'").

In this case, Appellant has failed to provide sufficient evidence on any of her three claims, and the court correctly ruled in favor of Foxx as a matter of law.

## 1. Title VII Discrimination Failure to Promote

Appellant argues that Foxx and the FAA failed to pay her appropriately, and that this failure was based on her gender and national origin. She argues that because she was performing the duties of a Program Analyst, she should have been compensated at a higher pay grade than the grade to which she was assigned as an Administrative Support Assistant. Because Appellant could only be compensated at a higher pay grade if she was promoted to the position of Program Analyst, we properly analyze her claim under Title VII's failure to promote framework. She has failed to state such a claim.

Title VII forbids employers from discriminating against its employees based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). A plaintiff establishes a Title VII claim under either the direct method or indirect, burden-shifting method. *See, e.g., Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892, 896 (7th Cir. 2015). Here, Appellant seeks to establish her claim through the indirect method. To do so, she must first produce evidence of a *prima facie* case of discrimination under the familiar *McDonnell Douglas* test. *Cung Hnin v. TOA (USA), LLC*, 751 F.3d 499, 504 (7th Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)). To demonstrate a *prima facie* case for failure to promote under

Title VII, she must produce evidence showing that: (1) she was a member of a protected class; (2) she was qualified for the position sought; (3) she was rejected for the position; and (4) the employer promoted someone outside of the protected group who was not better qualified for the position that she sought. *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 439 (7th Cir. 2014).

In this case, Appellant has not demonstrated multiple elements of a *prima facie* case for Title VII failure to promote. Primarily, she has not shown that the FAA rejected her from the position of Program Analyst because she never applied for the position. *See Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 728 (7th Cir. 2013) (holding that failure to promote claim requires that plaintiff "appl[y] for … the position sought" and granting summary judgment on Title VII failure to promote claim where plaintiff did not apply for higher position (quotation marks and citations omitted)). She instead provides her emails and letters to Wilson and Lay describing her duties as that of a Program Analyst. But this is not evidence of an application for the position.

Nor is her vague testimony about her request for a desk audit enough to show that she applied for a promotion. She did not specify when she made this request, nor did she give any detail about what she said and whether her request was a step toward a request for a promotion. She merely noted that the auditors "didn't get back" to her. By contrast, Foxx produced the affidavits of Hale, Wilson, and Lay, all of whom swore that Appellant never complained about her lack of compensation, never requested a desk audit from them, and

never applied for the position. Even viewing the evidence in the light most favorable to Appellant, there is no evidence that she actually applied for the position of Program Analyst. Having not applied for the position, she could not have been rejected for the position. *See Garofalo*, 754 F.3d at 439.

Additionally, the record lacks evidence that the FAA promoted anyone else to the position of Program Analyst. Appellant only points to Forys and Miller, who are white women, as persons outside her protected group who held the position of Program Analyst. However, the record demonstrates that Forys and Miller had their positions before Appellant could have even applied for the position; thus, they could not have been promoted instead of her.

Appellant's fundamental claim is that the FAA should have known that she was performing the duties of a Program Analyst and should have compensated her accordingly. This may be grounds for a desk audit, but it is not sufficient to support a Title VII discrimination claim. Thus, the district court was correct in granting summary judgment in favor of Foxx.

### 2. Equal Pay Act

Similarly, Appellant has failed to produce necessary evidence to survive summary judgment for her Equal Pay Act claim. The Equal Pay Act forbids employers from paying different rates to men and women for the same work at the same "establishment." 29 U.S.C. § 206(d)(1). To state a claim for such discrimination under the Act, a plaintiff must show: "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working

conditions." *Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008) (quoting *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 685 (7th Cir. 1998)). Equal Pay Act regulation has limited the "establishment" language in the statute to mean the same geographical office, or at least the same city or metropolitan area. *See* 29 C.F.R. § 1620.9(a) (stating that "each physically separate place of business is ordinarily considered a separate establishment").

Additionally, to determine if the work that Appellant did was equal to the work that a male employee did, "the crucial inquiry is whether the jobs to be compared have a common core of tasks[;] i.e., whether a significant portion of the two jobs is identical." *Cullen v. Ind. Univ. Bd. of Trustees*, 338 F.3d 693, 698 (7th Cir. 2003) (quotation marks and citation omitted). Without evidence of characteristics like "what [the male employees'] duties were, when they started work, where they worked, and what their backgrounds were," a jury cannot determine the comparability of work between the employees of the opposite sex. *See Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 657 (7th Cir. 2010). Thus, without such evidence, an Equal Pay Act discrimination claim cannot survive summary judgment.

Appellant's claim suffers this fate. She has only identified three male Program Analysts in the FAA: Joe Dahl in Anchorage; "James Desaree" (whom the agency directory actually identifies as Desaree James, which is presumably a female name) in Seattle; and Del Swichuk, whose office is not identified. The directory only lists Dahl and James Desaree/Desaree James; it does not list Swichuk. Notably, none of these male employees worked in the Chicago or Fort Worth offices, and

Appellant has not identified any male Program Analysts in either office areas. Additionally, Appellant has only provided the comparators' names and titles. She has not provided a description of any "common core of tasks" or any further description of the male employees' duties, hours, background, or qualifications. Absent such necessary evidence, a jury cannot determine if Foxx and the FAA were paying these men higher wages for doing equal work under similar conditions. Therefore, Appellant cannot sustain a cause of action for violation of the Equal Pay Act as a matter of law, and the district court properly granted summary judgment in favor of Foxx.

### 3. Title VII Retaliation

Finally, Appellant has failed to produce necessary evidence to survive summary judgment for her Title VII retaliation claim. She claims that Lay officially returned her to the duties of Secretary and removed her access to PRISM after learning of her complaints of inadequate compensation. While Lay did take these steps, Appellant has produced no evidence that they were in retaliation for any complaint or opposition by Appellant.

In addition to forbidding discrimination based on "race, color, religion, sex, or national origin," Title VII also "forbids actions that 'discriminate against' an employee (or job applicant) who has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII [discrimination] 'investigation, proceeding, or hearing.'" *Burlington N. and Santa F. Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e–3(a)). A plaintiff must thus produce

evidence of an adverse employment action that was instigated by her "complaining about prohibited discrimination." *Chaib v. Indiana*, 744 F.3d 974, 986 (7th Cir. 2014).

In this case, Lay's decision, as the district court notes, "to remove [Appellant] from more challenging duties and confine her more strictly to an administrative role" could constitute adverse employment action. We define adverse employment action "quite broadly," to include relegating the employee to lesser duties. *Atanus v. Perry*, 520 F.3d 662, 677–78 (7th Cir. 2008) (quotation marks and citations omitted). *See also Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 980 (7th Cir. 2014) ("[a]dverse employment actions generally fall into three categories … [including] transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects" (quotation and citation omitted)). Thus, Lay's actions could fall under this umbrella, at least at the summary judgment phase.

But Appellant has not produced evidence that she complained about prohibited discrimination before Lay took these actions. A retaliation claimant must produce evidence that she gave "a cognizable expression of opposition" to discriminatory practices. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 634 (7th Cir. 2011). On January 17, 2011, Lay sent a letter to Appellant detailing her duties as a Secretary, not as a Program Analyst. On January 18, 2011, Lay took steps to limit Appellant's access to the PRISM database. Therefore, Appellant must produce evidence of some cognizable expression of opposition to discriminatory practice before January 17–18, 2011.

She has not done so. She has only produced the January 2010 communication with Hale in which Appellant described signing documents on behalf of Johnson and asking if she should continue to do the same. She has also produced her description of her job duties as that of a Program Analyst which she sent to both Wilson in May 2010 and Lay in September 2010. Finally, she has stated (though she presents no corroborating document) that she requested a desk audit from the FAA to determine whether her compensation correlated to her work. She argues that the FAA should have conducted a desk audit in response to her 2010 communications with Hale and Wilson, and her 2011 communication with Lay. However, none of these documents or statements contain oppositional language or complaints or refer to any discrimination towards Appellant. Indeed, as noted above, Foxx has produced the affidavits of Hale, Wilson, and Lay, all of whom swear that Appellant never even requested a desk audit, let alone complained of any discrimination.

The only complaint of or opposition to discriminatory practices which Appellant has produced was the January 21, 2011, contact with an EEO officer, and her May 14, 2011, EEO complaint. But these actions occurred *after* Lay limited Appellant's duties and PRISM access, and could not have instigated any retaliation. Thus, timing dooms Appellant's Title VII retaliation claim, and summary judgment in favor of Foxx was appropriate.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.