2023 IL App (1st) 221869

No. 1-22-1869

Order filed October 20, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ELAINE MCLAUGHLIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2020 L 7840 |
| | ) | |
| COOK COUNTY, | ) | Honorable James E. Snyder, |
| | ) | Judge, Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The circuit court properly granted summary judgment in favor of defendant where plaintiff failed to present sufficient evidence to support her claims of gender discrimination based on her being paid less than other male employees under the Illinois Equal Pay Act and Illinois Human Rights Act; affirmed.

¶ 2    Plaintiff, Elaine McLaughlin, appeals from the circuit court's order that granted summary judgment in favor of defendant, Cook County, and dismissed her complaint, which alleged claims of gender discrimination based on her being paid less than other male employees under the Illinois Human Rights Act (IHRA) (775 ILCS 5/1-101, *et. seq.*) (West 2020)) and Illinois Equal Pay Act of 2003 (IEPA) (820 ILCS 112/1 *et. seq.*) (West 2020)). On appeal, plaintiff argues that the circuit court erred when it granted summary judgment in favor of defendant on her IHRA

claims because there are questions of fact regarding whether she performed all of the duties of her male supervisor. She also argues that she was similarly situated to her supervisor and her male colleague and that they were treated more favorably by receiving higher salaries. Plaintiff further contends the court erred when it granted summary judgment in favor of defendant on her IEPA claims because she presented sufficient evidence to establish she performed equal work as her supervisor, had similar skill and responsibilities, and performed the work under similar conditions. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                         Complaint

¶ 5        Plaintiff's second amended complaint, the pleading at issue here, contained two claims for gender discrimination under the IHRA and two claims for gender discrimination under the IEPA.[1] Plaintiff alleged that since 2010, she was an administrative analyst IV in the Cook County's Department of Transportation and Highways (DOTH). Her duties were to assist the contract administrator with the formal communications with the Clerk of the Board of Cook County Commissions regarding, among other things, construction, road maintenance resolutions, contract lettings, changes and final acceptances. Plaintiff alleged that in addition to performing her duties as administrative analyst IV, defendant also required her to perform the duties for the positions of contract administrator, senior contract administrator, contract manager, and procurement buyer. She was paid less than the male employees who occupied these positions, and she did not receive additional salary for performing these other duties.

¶ 6        In defendant's first affirmative defense, it asserted it uses a merit-based pay system consisting of a corresponding pay scale for positions based on their "Grade" and that generally

---

[1] Plaintiff also alleged a claim for retaliation under the IHRA, which the court dismissed, and is not at issue on appeal.

higher grade positions have a higher scale. It asserted that employees may receive periodic increases in pay called "step increases." Defendant stated that in April 2002, plaintiff was hired as an administrative analyst V, a grade 20 position. In June 2010, plaintiff started as an administrative analyst IV, a grade 22 position. Plaintiff's supervisor, Thomas Gavin, was a contract administrator, a grade 23 position. Plaintiff and Gavin received periodic step increases based on the merit-based system.

¶ 7       In defendant's second affirmative defense, it asserted that in April 2021, it posted openings for two contract manager positions on its public, online job board and that plaintiff did not apply for the positions.

¶ 8                               Summary Judgment Proceedings

¶ 9       Defendant filed a motion for summary judgment, asserting in part that plaintiff's IEPA claims fail because she did not perform the same job as her supervisor or colleague and because Cook County pays its employees on a merit-based pay system where an employee's salary is based on grades and steps. Defendant also argued that plaintiff's IHRA claims fail for the same reasons and because plaintiff presented no evidence that defendant treated her differently because of her gender. Defendant asserted that plaintiff did not have any evidence to support her IHRA or IEPA gender discrimination claims.

¶ 10       Defendant submitted the affidavits and depositions of several witnesses with its motion. We summarize the affidavits, depositions, and other documents that were attached to defendant's motion.

¶ 11       Jennifer Killen, the current superintendent of the DOTH and assistant superintendent of the DOTH from 2012 to April 2021, stated in her affidavit that plaintiff worked as a grade 22 administrative analyst IV in the contract documents division in the Administrative and Fiscal

Management Bureau of the DOTH. As an administrative analyst IV, plaintiff assisted Gavin in performing the contract administrator duties related to road construction. Plaintiff was one of the most highly paid employees at DOTH.

¶ 12       Killen averred that Gavin's written job description had not been updated during his time at DOTH and that his job description did not include additional responsibilities assigned to him as the contract documents division evolved. In addition to road construction, Gavin also was responsible for professional engineering contracts. Plaintiff only worked on contract documents for road construction and did not work on the professional engineering consulting contracts. Gavin had supervisory duties, and plaintiff did not supervise any employees.

¶ 13       Killen further stated that defendant must adhere to the "Employment Plan" and may only interview candidates who apply and interview for posted positions. On April 1, 2021, employees at the DOTH, including plaintiff, received an email invitation to apply for the two newly created contract manager positions. Plaintiff did not apply for one of the contract manager positions. The DOTH hired Cho Ng, a male, and Brenda Chagoya, a female, for the positions.

¶ 14       Defendant also attached to its motion for summary judgment the County of Cook Personnel Rules effective February 19, 2020, which provide the rules for position classification and compensation for employees and describe the salary grade and step system under which employees are paid. Under rule two, a new employee's salary is based on the salary grade in which the position is in, and an employee must be paid the minimum salary provided in the salary step in which the job is placed. The rule states that eligibility for "longevity step advancement" and "longevity step placement" must conform "with the years of service requirements established in the respective salary schedules." The rule also provides that no salary shall be raised if a salary

exceeds the maximum salary grade in which the job has been placed. An employee must work a minimum of one year at each step before receiving a pay increase.

¶ 15    In plaintiff's depositions, she testified that she started working for Cook County in 2002. In 2010, she started working as an administrative analyst IV in the DOTH, and one of her main responsibilities was the road construction contracts. She testified that she was required to perform the duties of contract administrator and procurement buyer, which were positions held by men, and that she did not get paid for it. John Yonan, the superintendent at the time, and Killen knew that Gavin, the contract administrator, was not performing his duties, and they required her to keep performing his duties

¶ 16    Plaintiff testified that as an administrative analyst IV, she was supposed to assist the contract administrator but that she also did Gavin's contract administrator job. Plaintiff agreed that Gavin was her supervisor and that he could delegate duties to be performed by her within her job description. She testified that she supervised another employee when Gavin was on medical leave.

¶ 17    Plaintiff also testified that she had performed the duties of the contract manager since the fall of 2021. She testified that each contract manager has an area of specialization, her area is the "road contracts," and she has been required to do what contract managers do on road construction. She testified in her first deposition that she was interested in the open contract manager position and "requested the posting and was never responded to or given the posting." She acknowledged receiving an email about job vacancies and following up on it on Taleo, the county job site. She never applied for the contract manager position because the posting was taken down.

¶ 18    Yonan, who was the superintendent in the DOTH from December 2011 to October 2020, testified in his deposition that since 2015, plaintiff had brought to his attention that she was

not getting equal pay and that she had to do Gavin's duties as contract administrator. Yonan testified that it was his understanding that plaintiff and Gavin had different responsibilities and that Gavin supported plaintiff getting a higher paid position. Yonan testified that employees could receive "step increases," or an increase in compensation, which were based on the grade of the employee's title. When an employee receives a step increase, the title remains the same. He believed that plaintiff received step increases.

¶ 19 Gavin stated in his deposition that he started working for Cook County in 2004, and in 2015, he started working in the DOTH as a contract administrator, a grade 23 position. Gavin was plaintiff's immediate supervisor. Plaintiff's job was to assist Gavin as the contract administrator, and there was substantial overlap between the positions. Plaintiff's counsel asked Gavin a series of questions regarding whether plaintiff performed the duties of a contract administrator listed in the contract administrator's written job description, and he agreed that plaintiff performed each duty. He testified that there were some items he performed that were not included in his written job description.

¶ 20 Gavin further testified that he asked plaintiff to perform additional duties beyond her role as administrative analyst IV. He agreed that he had recently gone to plaintiff's residence and asked her to work on some things and that within the last year he had gone to her house another time for a work related matter. He testified that plaintiff wanted to be paid more and would periodically make comments that she wanted to make more money.

¶ 21 Cho Shan Ng stated in his deposition that he started working for Cook County in 2011 as a contract negotiator and then from 2015 to 2020, he was an assistant procurement officer in the Office of Chief Procurement. In May 2020, he started working as an administrative analyst IV in the DOTH, and in September 2021, he was hired as a contract manager in the DOTH. He learned

about the open contract manager position by checking the website for job opportunities and received an internal email alert about the position, after which he applied and interviewed for it. He testified that he and the other contract manager, Brenda Chagoya, have similar duties but in different categories, as he is the lead for professional service and technology. Plaintiff did not perform any duties relating to professional service and she "has no involvement with anything that is not road-related construction work."

¶ 22    Pamela Mills, the administrative director for DOTH, stated in an affidavit that part of her responsibilities included administering the payroll, and she attached payroll records showing the salary history for plaintiff, Gavin, and Ng from 2018 to 2022. She also provided a summary of each person's gross earnings from 2016 to 2022. In 2016, plaintiff's gross earnings without overtime pay were $103,269.14, and Gavin's gross earnings were $106,940.09. In 2022, plaintiff's expected gross earnings were $124,592, and Gavin's expected gross earnings were $130,956.80. In 2016, Ng's gross earnings were $86,696.48, and in 2022, his gross earnings were expected to be $125,840.

¶ 23                    Response and Reply to Motion for Summary Judgment

¶ 24    In response, plaintiff argued that she presented sufficient evidence that defendant discriminated against her because of her gender by requiring her to perform the duties of contract administrator, procurement buyer, and contract manager, and that she was paid less than similarly situated males who held these positions. In reply, defendant contended that plaintiff did not provide any evidence that she was paid differently because she is a woman and did not present evidence that she performed the same job as Gavin, her supervisor, or Ng, the contract manager.

¶ 25                                Circuit Court's Ruling

¶ 26      The circuit court held a hearing on defendant's motion for summary judgment. After arguments, the court granted defendant's motion for summary judgment on all of plaintiff's claims. In doing so, the court stated that "there is non-competent evidence, and there is no question of fact that she was doing the same position." The court stated that there was "certainly evidence that she did something in addition to the Administrative [IV]" and there was no evidence that she was doing Gavin's position, including supervising other employees. As for Ng's position, the court stated that there was no evidence that she applied for the position. This appeal followed.

¶ 27                                  II. ANALYSIS

¶ 28                                  IEPA Claims

¶ 29      Plaintiff contends that the circuit court erred when it dismissed her claims under the IEPA. She argues that she performed equal work that required a substantially similar skill, effort and responsibilities as Gavin's position as contract administrator[2] and that she was paid less money. In response, defendant argues that the salary difference between plaintiff and Gavin are based on factors other than gender.

¶ 30      Plaintiff appeals from a grant of summary judgment in favor of defendant, which is proper if the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). " 'Genuine' means there is evidence to support the position of the nonmoving party." *Pekin Insurance Co. v. Adams*, 343 Ill. App. 3d 272, 275 (2003). "[W]hile a plaintiff need not prove her entire cause during summary

_____

[2] Plaintiff alleged in her complaint that she performed the duties of "procurement buyer" without receiving additional salary, but she does not argue this issue on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

judgment, she must present some evidentiary facts to support the elements of her cause of action." *Wallace v. Alexian Brothers Medical Center*, 389 Ill. App. 3d 1081, 1085 (2009). We review the circuit court's entry of summary judgment *de novo*. *Virginia Surety Co. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 556 (2007). Further, as an appellate court, we review "the judgment of the circuit court and not the reasons given for that judgment." *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶ 13.

¶ 31    The IEPA prohibits gender-based differences in pay. *People ex rel. Illinois Department of Labor v. 2000 W. Madison Liquor Corp.,* 394 Ill. App. 3d 813, 818 (2009). Claims brought under the IEPA are analyzed the same way as claims brought under the federal Equal Pay Act (29 U.S.C. § 206(d) (2018))*. Karlo v. St. Augustine College*, No. 20-CV-5084, slip op., at *2 (N.D. Ill. May 27, 2021).

¶ 32    To plead a violation of the IEPA, a plaintiff must show: "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." (Internal quotation marks omitted.) *Jaburek v. Foxx*, 813 F.3d 626, 632 (7th Cir. 2016) (quoting *Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008)). "If this requirement is satisfied, the burden of proof shifts to the employer to prove some neutral factor that explains the discrepancy in salary." *Lauderdale v. Illinois Department of Human Services,* 876 F.3d 904, 907 (7th Cir. 2017).

¶ 33    To "determine whether or not the two jobs are equal, we look to whether the jobs have a 'common core of tasks, i.e., whether a significant portion of the two jobs is identical.' " *Merillat v. Metal Spinners, Inc.*, 470 F.3d 685, 695 (7th Cir. 2006) (quoting *Cullen v. Indiana University Board of Trustees*, 338 F.3d 693, 698 (2003)). "Once a plaintiff establishes a 'common core' of tasks, we ask whether any additional tasks make the jobs 'substantially different.' " *Merillat,* 470

at 695. In making this determination, the court "look[s] to the actual job duties performed by each employee, not to his or her job description or title." *David v. Board of Trustees of Community College District No. 508*, 846 F.3d 216, 229 (7th Cir. 2017) (quoting *Cullen*, 338 F.3d at 698). Further, "[t]he proper domain of the Equal Pay Act consists of standardized jobs in which a man is paid significantly more than a woman (or anything more, if the jobs are truly identical) and there are no skill differences." *Sims-Fingers v. City of Indianapolis*, 493 F.3d 768, 771-72 (7th Cir. 2007).

¶ 34    Here, we find that plaintiff did not perform equal work requiring substantially similar skill and responsibilities as Gavin's position. The record shows that Gavin has supervising duties that plaintiff does not have, as he supervises plaintiff and another employee. Further, as plaintiff's supervisor, Gavin can delegate duties to her within her job description. In addition, plaintiff's job as administrative analyst IV is to assist the contract administrator, and she only works on contract duties related to road construction. However, in addition to Gavin's supervision responsibilities and duties with road construction, Gavin also works on professional engineering contracts. See *David*, 846 F.3d at 229 (where the other employee performed the same duties that the plaintiff had performed in addition to other duties, the court found that the plaintiff did not perform similar duties, or that she had the skills to perform these functions, and that the other employee's responsibilities were "substantially different"). Accordingly, Gavin's position includes responsibilities that are substantially different from plaintiff's responsibilities. Thus, plaintiff has not set forth sufficient evidence to establish a *prima facie* case for discrimination under the IEPA.

¶ 35    We note that in plaintiff's opening brief, she does not take issue with the trial court's order granting defendant's motion for summary judgment as it relates to the IEPA claims involving the contract manager position held by Ng. Arguments not raised in an opening brief are "forfeited

and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 36    In addition, defendant has established that the pay difference was based on a non-discriminatory factor. The County of Cook Personnel Rules attached to defendant's motion for summary judgment provide that an employee's salary is based on the salary grade in which the employee's position is in and it sets forth rules regarding salary step increases. The record shows that Gavin's position as contract administrator is a grade 23 position while plaintiff's administrative analyst IV position is classified as a grade 22 position. Thus, plaintiff's position is in a different salary grade classification than Gavin's position. Further, Gavin started working as a contract administrator with a grade 23 classification in 2015 and has a different salary history than plaintiff. See *Lauderdale,* 876 F.3d at 908 (affirming summary judgment in favor of the defendants on the plaintiff's federal Equal Pay Act claim, noting that "a difference in pay based on the difference in what employees were previously paid is a legitimate 'factor other than sex' ") (quoting *Wernsing v. Department of Human Services*, 427 F.3d 466, 468 (7th Cir. 2005)). The difference in pay between plaintiff and Gavin is therefore based on the different grades, salary histories, and the Cook County merit-based pay system, a factor other than gender. Accordingly, the circuit court properly entered summary judgment on plaintiff's IEPA claims.

¶ 37                                IHRA Claims

¶ 38    Plaintiff also contends that the circuit court erred when it granted summary judgement in favor of defendant on her IHRA claims. She argues that she met her burden of showing that Gavin and Ng are similarly situated to her, and that defendant treated them more favorably by paying them a higher salary. She argues that there is a question of fact regarding whether she performed the same job duties as Gavin and therefore whether they are similarly situated.

According to plaintiff, the evidence clearly shows that Gavin did nothing and that she was required to perform all the duties of the contract administrator.

¶ 39    In analyzing an employment discrimination claim under the IHRA, Illinois courts apply a three-part test. *Young v. Illinois Human Rights Commission*, 2012 IL App (1st) 112204, ¶ 34. The plaintiff must first establish a *prima facie* case of unlawful discrimination by a preponderance of the evidence. *Id.* If a plaintiff establishes a *prima facie* case, "a rebuttable presumption arises that the employer unlawfully discriminated against the plaintiff" (*Budzileni v. Department of Human Rights*, 392 Ill. App. 3d 422, 444 (2009)), and "the employer may rebut the presumption by articulating a legitimate, nondiscriminatory reason for its decision." *Young,* 2012 IL App (1st) 112204, ¶ 36. If the employer articulates a legitimate reason, the plaintiff must prove by a preponderance of the evidence "that the employer's reason was untrue and was pretext for discrimination." *Budzileni*, 392 Ill. App. 3d at 444. To establish a *prima facie* case of employment discrimination, the plaintiff "must first show that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate business expectations; (3) she suffered an adverse employment action; and (4) the employer treated others similarly–situated outside the class more favorably." *Young*, 2012 IL App (1st) 112204, ¶ 34. "[T]hese components are 'not inflexible' and may vary depending on the facts of the case." *Lau v. Abbott Laboratories*, 2019 IL App (2d) 180456, ¶ 40 (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

¶ 40    Plaintiff has not established a *prima facie* case for discrimination because she has not established that Gavin and Ng were treated more favorably because of their gender. Rather, the record shows that the differences in pay were based on other factors.

¶ 41    As previously discussed, the record shows that plaintiff and Gavin have substantially different job responsibilities and their positions are classified in different salary grades. Thus, plaintiff and Gavin are not similarly situated.

¶ 42    As for Ng's contract manager position, plaintiff alleged and testified in her deposition that she performs the duties of the contract manager. However, like the contract administrator position, the contract manager is a grade 23 position, so Ng's position is not in the same salary grade classification as plaintiff's position. Further, Killen averred in the affidavit that defendant can only interview or hire candidates who apply for posted positions and that on April 1, 2021, employees in the DOTH, including plaintiff, received an email invitation to apply for the two newly created contract manager positions. However, plaintiff did not apply for the contract manager position for which Ng was hired. Further, the record shows that Ng's salary was lower than plaintiff's salary until 2022 when he was expected to receive $1,248 more than plaintiff after he applied for and was hired as a contract manager, a grade 23 position. Thus, the differences in pay between plaintiff and the contract manager, Ng, are based on factors other than gender, and Ng was not treated more favorably than plaintiff.

¶ 43    Moreover, plaintiff alleged and stated in her deposition that she was required to perform three jobs, including her supervisor's job, without getting paid for it because she is a woman. She stated in her deposition that defendant "could have done something" about Gavin allegedly not performing his duties but required her to perform his duties because she is a woman. However, plaintiff has not set forth any evidence that supports that she was required to perform additional duties of her supervisor or the duties of the other positions because of her gender. See *Vulpitta v. Walsh Construction Co.*, 2016 IL App (1st) 152203, ¶ 22 ("unsupported conclusions, opinions, or speculation are insufficient to raise a genuine issue of material fact"). Accordingly, plaintiff has

not set forth sufficient evidence to show that defendant treated Gavin and Ng more favorably because she is a woman. Thus, the court properly entered summary judgment on plaintiff's IHRA claims.

¶ 44                                III. CONCLUSION

¶ 45        For the foregoing reasons, we affirm the circuit court's order that granted defendant's motion for summary judgment.

¶ 46        Affirmed.