In the

# United States Court of Appeals

## For the Seventh Circuit

No. 24-1570

CHERYL LANE and ADRIENNE HAUSE,

*Plaintiffs-Appellants*,

*v.*

STERICYCLE, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 22 CV 1349 — **Manish S. Shah**, *Judge.*

ARGUED DECEMBER 4, 2024 — DECIDED DECEMBER 23, 2025

Before HAMILTON, JACKSON-AKIWUMI, and PRYOR, *Circuit Judges*.

PRYOR, *Circuit Judge*. Plaintiffs Cheryl Lane and Adrienne Hause appeal the district court's order granting summary judgment for their employer, Stericycle, Inc., on their claims under the Equal Pay Act and Title VII of the Civil Rights Act of 1964. Because there are genuine disputes of material fact on both claims, we reverse and remand for proceedings consistent with this opinion.

## I.  BACKGROUND

Stericycle sells waste-disposal services to healthcare or-
ganizations and commercial businesses. Its sales department
includes two divisions: a national division, serving corporate
entities including pharmacies; and a hospital division, serv-
ing hospitals and integrated delivery networks. Stericycle
classifies employees' positions within both divisions using
"paygrades." The higher an employee's paygrade, the greater
the pay the employee can expect.

Stericycle reorganized its sales department in 2021. That
reorganization, known as "Project Supernova," created a new
role in both the national and hospital divisions of the sales de-
partment: Key Account Director, or KAD. Stericycle classified
the KAD position as paygrade 8 and staffed the role from
within the company. Some Stericycle employees were pro-
moted into the role. Others were transferred. Like the parties
and the district court, we refer to KADs working in the na-
tional division of Stericycle's sales department as "National
KADs," and KADs working in the hospital division of Steri-
cycle's sales department as "Hospital KADs."

Toward the end of 2021, Lane and Hause, as well as two
other plaintiffs who do not appeal, were promoted into the
National KAD position as part of Project Supernova.[1] The rec-
ord does not provide the exact date of their promotion. Prior
to the promotion, Lane and Hause served as National Ac-
count Managers, which Stericycle classified as a paygrade 7
position. In that role, they earned base salaries of $92,784 and

---

[1] This action was originally brought by Adrienne Hause, Cheryl Lane,
Toni Stone, and Amy Hopkins. Only Lane and Hause appeal from the dis-
trict court's order granting Stericycle summary judgment.

$95,026, respectively. They continued to receive those salaries until December 26, 2021, when Stericycle raised their salaries to $98,000.

Nine male employees on the hospital side of the business became Hospital KADs as part of Project Supernova. Two of the nine men were promoted into the KAD role, while the remaining seven were transferred.

The two men promoted into the role, Roni Patel and Robert Austin, held paygrade 5 positions before their promotions. Patel, who previously made $71,487, received a salary increase to $98,000 when promoted in October 2021. Austin, who previously made $100,900, received a salary increase to $110,990 when promoted around the same time. In contrast, the seven men Stericycle transferred into the Hospital KAD role did not receive any raise. Their salaries, which ranged from $101,711 to $142,000, were the same both before and after their transfers.

On December 6, 2021, Lane, Hause, Stone, and Hopkins sent a letter to Stericycle's Director of Human Resources, Erin Galloway, expressing concern about inequitable compensation among KADs. Galloway responded she would investigate. On December 16, 2021, Stericycle informed the four women that it would raise each of their salaries to $98,000, effective December 26, 2021. Recall that prior to that point, Lane's base salary had been $92,784 and Hause's salary had been $95,026. Galloway testified that she considered years of experience, skill and performance; the salary range for the KAD position and Plaintiffs' prior positions; and the salaries of comparators, including Hospital KADs, when raising Plaintiffs' salaries to $98,000. Stericycle's Senior Vice President Kelly Caruso stated that the base salaries were increased

to the $98,000 because the National KADs were all promoted at the same time.

Plaintiffs sued Stericycle under the Equal Pay Act and Title VII, arguing Stericycle paid them less in base salary than their male KAD counterparts. The district court rejected both claims, entering summary judgment for Stericycle. Lane and Hause appeal.

## II.    ANALYSIS

"We review summary judgment rulings *de novo*, construing the evidence in the light most favorable to [Plaintiffs] as the non-moving party and drawing all reasonable inferences in [their] favor." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal citations and quotations omitted).

### A. Equal Pay Claim

"The Equal Pay Act forbids employers from paying different rates to men and women for the same work at the same establishment." *David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 230 (7th Cir. 2017) (quoting *Jaburek v. Foxx*, 813 F.3d 626, 632 (7th Cir. 2016)). To succeed on a claim under the Equal Pay Act, a plaintiff must first establish a prima facie case by showing "(1) higher wages were paid to a male employee [comparator], (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *Id.*

(quoting *Merillat v. Metal Spinners, Inc.*, 470 F.3d 685, 695 (7th Cir. 2006)).

Once a plaintiff establishes her prima facie case, "the burden of proof shifts to the employer to prove some neutral factor that explains the discrepancy in salary." *Lauderdale v. Ill. Dep't of Hum. Servs.*, 876 F.3d 904, 907 (7th Cir. 2017). At this affirmative defense stage, the employer has the burdens of production and persuasion. *King v. Acosta Sales & Mktg., Inc.*, 678 F.3d 470, 474 (7th Cir. 2012). The employer can satisfy its burdens by showing "payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." *Lauderdale*, 876 F.3d at 907 (quoting 29 U.S.C. § 206(d)(1)). The employer must support its "explanation for a pay discrepancy … by evidence that the employer actually relied on that reason." *Id.* at 908. It is not enough for the employer "to articulate … potentially explanatory variables[] without proving they *actually* account for the difference." *King*, 678 F.3d at 474.

The district court held that Plaintiffs provided sufficient evidence to establish their prima facie case, observing that higher wages were paid to male Hospital KAD comparators than to Plaintiffs, and that National and Hospital KADs performed substantially similar work. But the district court found that Stericycle's affirmative defense was satisfied as a matter of law. That affirmative defense attributed the discrepancy in pay between Plaintiffs and the Hospital KADs to Stericycle's reliance on an employee's "prior position and salary [history]" in setting KAD salaries.

On appeal, the parties dispute which, if any, Hospital KADs can properly be deemed comparators for purposes of

Plaintiffs' prima facie case, as well as whether the district court correctly found Stericycle's affirmative defense satisfied as a matter of law. We address each issue in turn.

### 1. Comparators

The district court observed that Plaintiffs established a wage disparity between their base salaries and those of the Hospital KADs, except for Hospital KAD Roni Patel, who the district court noted was not being paid more than Plaintiffs and therefore could not be considered a comparator.

We agree with the district court that Hospital KADs are proper comparators. We reject Stericycle's contention that Plaintiffs' invocation of Hospital KADs as comparators amounted to an "ambush" due to the absence of allegations relating to Hospital KADs in Plaintiffs' complaint. Stericycle does not offer legal authority to support its suggestion that Hospital KADs must be excluded as comparators on this ground. To the contrary, a plaintiff need not identify all possible comparators in her complaint. *Kellogg v. Ball State Univ.*, 984 F.3d 525, 531 (7th Cir. 2021). Moreover, a plaintiff may not even be able to identify proper comparators until the employer offers a non-discriminatory reason for its actions. *Coleman v. Donahoe*, 667 F.3d 835, 859 n.7 (7th Cir. 2012) (in a Title VII case, "the probative value of a proposed comparator depends largely on the specific non-discriminatory reason the employer has put forward").

Where we depart from the district court is on its decision to exclude Hospital KAD Roni Patel as a comparator. While the district court correctly observed that Plaintiffs and Patel received the same base salary in 2022, this observation overlooked evidence indicating that Plaintiffs did not receive the

same salary as Patel upon their promotion to the KAD role in 2021. Indeed, the record allows the conclusion that Patel received his raise immediately in October 2021 upon his promotion, whereas Plaintiffs did not receive a raise to their base salary upon promotion and instead only received a raise once they complained. Because the evidence suggests Patel received a higher wage than Plaintiffs in 2021 while all served as KADs, Patel is a proper comparator for the Equal Pay Act claim.[2] *See David*, 846 F.3d at 230.

### 2. Affirmative Defense

Having established that all nine Hospital KADs are proper comparators for Plaintiffs' Equal Pay Act claim, we turn to Stericycle's affirmative defense.

Recall that to succeed on its affirmative defense, Stericycle must show a sex-neutral factor explains the disparity between the salaries of Plaintiffs and the Hospital KADs. *Lauderdale*, 876 F.3d at 907. One way Stericycle can make this showing is by proving the disparity in salaries is "based on the difference in what employees were previously paid." *Id.* at 908. To that end, an employer may permissibly base pay on "the wages it paid an employee in another position unless this policy is discriminatorily applied or unless there is evidence independent of the policy which establishes that the employer discriminates on the basis of sex." *Covington v. S. Ill. Univ.*, 816 F.2d 317, 323 (7th Cir. 1987).

The district court correctly ruled that Stericycle proved as a matter of law its affirmative defense in relation to the seven men who were transferred into the Hospital KAD role.

---

[2] The same holding applies to Plaintiffs' Title VII claim, addressed below.

Stericycle showed the transferred KADs' salaries were based on the salaries they had received before their transfer—in other words, based on their salary histories. *See id.* "Maintenance of an employee's compensation in a transfer between positions is not in our view unusual and avoids the serious problem of 'unmerited' pay reductions." *Id.* And while salary history does not satisfy an employer's affirmative defense when evidence indicates the salary history itself was discriminatory, "this is something to be proved rather than assumed." *Wernsing v. Dep't of Hum. Servs.*, 427 F.3d 466, 470 (7th Cir. 2005). Because Plaintiffs do not point to evidence that would allow a reasonable trier of fact to find Stericycle's salaries were historically discriminatory, Stericycle prevails on its affirmative defense to the extent that Plaintiffs base their claim on comparisons to the seven transferred Hospital KADs.

We turn to the two Hospital KADs who were promoted into the KAD role: Roni Patel and Robert Austin. Stericycle does not sustain its affirmative defense as a matter of law with respect to these two comparators.

Before the district court, Stericycle argued KAD salaries were determined by whether an employee was promoted or transferred into the KAD role: A transferred employee's salary would be retained, while a promoted employee's salary would be raised. As Stericycle reasoned, Plaintiffs, Patel, and Austin all received a promotion—and therefore, they all received raises. This practice, Stericycle urged, was sex-neutral,[3] and the district court agreed.

---

[3] On appeal, Stericycle appears to suggest that the "factor other than sex" to determine KAD pay was whether a KAD was previously working on

To prevail on summary judgment, a defendant must not merely articulate but also prove its affirmative defense, and must do so beyond reasonable dispute. *King*, 678 F.3d at 474. Stericycle falls short. Stericycle does not identify where in the record we must conclude that Plaintiffs' salaries were raised at the time of their promotion. In fact, Stericycle could not at oral argument provide the Court with the date of Plaintiffs' promotion, instead conceding to the Court that "we do not have [a promotion or start date] in the record."[4]

Because the record allows a reasonable finder of fact to conclude that Plaintiffs did not receive raises upon promotion and instead received raises only after they complained about gender disparities in KAD salaries, we cannot find as a matter

---

the hospital or national side of the business. On the national side, Stericycle represents that Plaintiffs' salaries as KADs were based on "a multitude of factors to be sure their pay was appropriate since they had recently complained," including "years of experience, skill and performance"; "the salary range for the KAD position as well as their previous positions"; and "the salaries of their comparators, including the Hospital KADs." Stericycle reasons that it ultimately "made what it thought was a 'fair and equitable' decision to raise the [P]laintiffs' salaries to the same amount" because they were promoted at the same time and performed at a similar level. On the hospital side, Stericycle represents that salaries were based on whether an employee was promoted or transferred into the KAD position. An employee promoted into the position received a raise; an employee transferred into the position received no raise. This national- versus hospital-side explanation differs from the sex-neutral justification offered in Stericycle's motion for summary judgment. Because Stericycle did not argue to the district court that the relevant "factor other than sex" depended on whether a KAD worked on the hospital versus national side of the business, we do not entertain that theory on appeal. *See Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 974 (7th Cir. 2019).

[4] Oral Arg. 17:55–18:14.

of law that Stericycle proved its affirmative defense in relation to the two promoted Hospital KADs. To the contrary, there is a material dispute of fact as to whether Plaintiffs received a raise at the time of their promotion, as had been the case for Patel and Austin. If Plaintiffs did not, Stericycle's affirmative defense fails. Accordingly, summary judgment was improper insofar as Plaintiffs base their Equal Pay Act claim on comparisons to Patel and Austin.

We further note that even assuming the record supported Stericycle's sex-neutral explanation that the salaries of all promoted KADs were raised upon their promotions, this explanation does not justify the discrepancy between Plaintiffs' salaries—which were raised to $98,000—and Austin's salary, which was raised to $110,990. In other words, Stericycle's affirmative defense does not answer the question of why Plaintiffs and Austin landed at different salaries upon being promoted. To justify the salaries only on the basis that they were increased falls short of justifying the actual amount these promoted KADs received, and therefore falls short of justifying the salary disparity between the KADs.

**B. Title VII Claim**

Both Title VII and the Equal Pay Act afford plaintiffs a remedy for a discriminatory pay disparity, and plaintiffs may pursue relief through both statutes. *Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693, 703 (7th Cir. 2003). But the legal framework for a Title VII claim differs from that of an Equal Pay Act claim.

Under Title VII, Plaintiffs have "two paths to survive summary judgment." *Gamble v. County of Cook*, 106 F.4th 622, 625 (7th Cir. 2024). One is by "generally present[ing] enough

evidence from which a reasonable jury could find that [Stericycle] discriminated against [Plaintiffs] because of" Plaintiffs' sex. *Id*. at 626. The other is through the well-known framework of *McDonnell Douglas*. *Id.* at 625–26; *see also Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 911 n.3 (7th Cir. 2022).

*McDonnell Douglas* requires a plaintiff to satisfy a prima facie case of disparate pay by showing that "(1) she is a member of a protected group; (2) she was fulfilling her employer's legitimate performance expectations; and (3) she suffered an adverse employment action in that she was paid a lower salary than a 'similarly situated' nonprotected class member." *Gamble*, 106 F.4th at 626. If the plaintiff does so, "the employer must articulate a legitimate, nondiscriminatory reason for paying the plaintiff less." *Lauderdale*, 876 F.3d at 910 (internal citation and quotation omitted). Unlike under the Equal Pay Act, however, "the plaintiff maintains the burden of proof" at this stage and "must prove that the employer's justification was pretext for a decision made on prohibited criteria (here, sex)." *Id.* In other words, "the plaintiff must present evidence that supports an inference that the employer was intentionally dishonest when it gave its nondiscriminatory reason." *Id.*

The district court entered summary judgment for Stericycle on Plaintiffs' Title VII claim, concluding that Plaintiffs did not provide enough evidence "to support an inference of intentional discrimination." As it reasoned, Stericycle's sex-neutral salary history justification for pay disparities among KADs applied with "equal force" to Plaintiffs' Title VII claim, and Plaintiffs failed to present evidence reflecting that this justification was "rooted in discriminatory historical practices."

On appeal, Plaintiffs invoke the *McDonnell Douglas* framework by arguing that the "disparities, weaknesses[,] and inconsistencies" in Stericycle's position in relation to the pay differentials among KADs constitute "sufficient evidence of pretext." In response, Stericycle urges that there is no evidence from which a jury could find that Stericycle set salaries with discriminatory intent.

Insofar as Plaintiffs' Title VII claim is based on comparisons in pay to the seven Hospital KADs who were transferred, we agree with the district court that Plaintiffs do not offer evidence that would allow a reasonable trier of fact to find that Stericycle's salary-history justification was untruthful. Plaintiffs' Title VII claim therefore cannot proceed in relation to transferred Hospital KADs.

But we again depart from the reasoning of the district court with respect to the two promoted Hospital KADs, Patel and Austin. Recall that Stericycle's nondiscriminatory explanation for salary disparities among KADs was based on whether an employee was promoted or transferred into the KAD role. Promoted KADs received a raise; transferred KADs did not. But a reasonable trier of fact could find that Plaintiffs did not in fact receive raises upon their promotions, as had the relevant two male KADs who were promoted. Instead, the trier of fact could find Plaintiffs only received raises on December 26, 2021, after collectively complaining. In other words, there is a material dispute of fact as to whether Stericycle's nondiscriminatory explanation for its pay decisions—which assumed that a raise would accompany a promotion—was inconsistently applied to Plaintiffs and therefore untrue.

To that end, Plaintiffs identify evidence that they had been promoted into the KAD role (and started working in that role)

before receiving their raises on December 26, 2021. Specifically, they point to evidence that one of the four original plaintiffs in this case, Amy Hopkins, expressed concerns about KAD salary disparities as early as August 2021 and was told that she was already doing the KAD job but would receive no raise. There is also evidence that Hopkins reasserted her concerns about salary disparities among KADs in September and November of 2021. And there is evidence indicating that all four of the plaintiffs who originally brought this case, including Hopkins, were promoted to the KAD role at the same time.

In light of this evidence, a jury could reasonably find that Plaintiffs had been promoted to the KAD role before December 26, 2021, yet did not receive raises upon their promotions in accordance with Stericycle's promotion-versus-transfer explanation. And were the jury to reach this conclusion that Stericycle's nondiscriminatory explanation was "unworthy of credence," it could reasonably conclude that Stericycle's explanation was mere coverup for intentional discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Because Plaintiffs have shown a material dispute of fact as to pretext insofar as Plaintiffs' Title VII claim is based on comparisons to the promoted Hospital KADs, we reverse the district court's judgment for Stericycle.

### III.   CONCLUSION

For these reasons, we REVERSE and REMAND for proceedings consistent with this opinion.